IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL RIGNEY,

                Plaintiff,

v.                              CASE NO. 20-3106-SAC

CHRISTOPHER TRAPP, et al.,

                Defendants.

**MEMORANDUM AND ORDER**

    This matter comes before the Court on two motions filed by Plaintiff. For the reasons discussed below, both are denied at this time.

*Motion to Appoint Counsel (ECF No. 4)*

    There is no constitutional right to the appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006), quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey,* 461 F.3d at 1223, quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to appoint counsel, the district court should consider "the merits of the

1

prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

Considering these factors, the Court concludes that it is not clear at this point that Plaintiff has asserted a colorable claim. Moreover, the factual issues are not overly complex, and Plaintiff appears able to present his claims. Therefore, the Court denies Plaintiff's motion for appointment of counsel without prejudice to his renewing the motion at a later date.

*Motion for Court Order of Evidence and Discovery (ECF No. 5)*

Plaintiff asks the Court to order the Kansas Department of Corrections to provide him with photos, statements, medical records, staff reports, and video footage related to the incident forming the basis of his Complaint. This is a request for discovery. By separate order, the Court has directed the KDOC to prepare a *Martinez* report. Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed the *Martinez* report and Defendants' response to the Complaint. At that point, if the case proceeds, the Court will issue a scheduling order, and Plaintiff may renew his discovery requests at that time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 4) and Motion for Court Order of Evidence and Discovery (ECF No. 5) are **denied**.

**IT IS SO ORDERED.**

**DATED: This 30th day of October, 2020, at Topeka, Kansas.**

s/ Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**